**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

LEAH MONTGOMERY, on behalf of
herself and all others similarly situated,

        Plaintiff,

        v.

TRIDENT ASSET MANAGEMENT,
L.L.C.,

        Defendant.

Civil Action No. 15-6617 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendant Trident Asset Management, LLC's[1] ("Defendant") motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF No. 8.) This is a putative class action brought by Plaintiff Leah Montgomery ("Plaintiff") asserting that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, by sending two collection notices to Plaintiff approximately eleven days apart, both of which contained a thirty day validation notice. (*See generally* Compl., ECF No. 1.) Based on these facts, Plaintiff asserts one cause of action against Defendant for violation of § 1692g for "overshadowing the validation notice contained in the [first] [c]ollection [l]etter by mailing a second [v]alidation [n]otice with regards to the same alleged debt within eleven days of the first letter." (*Id.* ¶ 34.)

---

[1] Improperly pled as Trident Asset Management, L.L.C.

Motions for judgment on the pleadings are governed by Rule 12(c) of the Federal Rules of Civil Procedure. A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings will not be granted unless the movant clearly establishes that no material issues of fact remain unresolved, and that the movant is entitled to judgment as a matter of law." *Nationwide Mut. Ins. Co. v. Brown*, 226 F. App'x 153, 154-55 (3d Cir. 2007) (citing *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)). "A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed."[2] *Turbe v. Gov't of the V. I.*, 938 F.2d 427, 428 (3d Cir. 1991).

Defendant argues that it did not violate the FDCPA because, if anything, it gave Plaintiff additional rights. (Def.'s Moving Br. 4-9, ECF No. 8-1.) Plaintiff argues that Defendant's sending of two letters, each with a validation notice, leaves the least sophisticated consumer uncertain as to her thirty day option to effectively dispute the debt, and therefore, Defendant violated the FDCPA. (Pl.'s Opp'n Br. 5-13, ECF No. 11.)

The Third Circuit has not decided this issue, but the parties cite to numerous cases across the country that have. After reviewing the parties' arguments and the case law provided by the parties, the Court agrees with the Southern District of New York's reasoning in *Brenker v. Creditors Interchange, Inc.*, No. 03-6500, 2004 WL 594502, at *1-3 (S.D.N.Y. Mar. 25, 2004), and adopts its reasoning herein. Specifically, the Southern District of New York, deciding a case on very similar facts, found that the two letters in that case "created no reasonable possibility of confusion in derogation of the debtor's rights" and "[n]othing in the FDCPA prohibits a debt collector from giving a debtor more than the requisite 30–day validation period." *Id.* at *2.

---

[2] On October 8, 2015, Defendant filed its Answer to the Complaint. (ECF No. 7.)

Accordingly, Defendant's motion for judgment on the pleadings is granted. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: ~~April~~ May 12, 2016